Judge Underwood,
delivered the opinion of the court.
The heirs and distributees of Pender-grast filed their bill against Moore, as the administrator of their deceased father, to compel him to account for money in his hands claimed by them. Elizabeth *535 Moore was made a defendant with a view to set aside, as fraudulent, certain purchases made by her, of the estate of the administrator, and to subject the same to the payment of the complainant’s demand. The court decreed $900, with interest from a given .period until paid, against the administrator, and annulled the purchases made by Elizabeth Moore.
Chancellor interest, unless the claim n^ture^tha^a court of law would (had it ¡°fe current inter* est.
Denny, for plaintiffs; Richardson, for defendants.
We perceive but one objection to the decree. It allows current interest. This is contrary to a well settled principle, that the chancellor should not give current interest unless the claim be of such a nature that a court of law would give current interest upon it, if such court was possessed of the suit and rendered the judgment;see Cobb vs. Thompson, I. Marshall, 514, Samuel vs. Winter, III. Marshall, 482. For the error in this respect, the decree must be reversed pro tanto.
Itisinsisted that the chancellor had no jurisdiction of the case, in regard to the fraudulent conduct of Elizabeth Moore in accepting a confession of a judgment from her son, the administrator, selling his estate in virtue of an execution which issued thereon, and becoming herself the purchaser, in order to delay and hinder his creditors. This would be conceded if the claim of the complainants was purely legal. In that case they would have been bound to obtain judgment, and sue execution without success, before appealing to the chancellor for aid. But as their claim was of such a nature that they had a right to ask the aid of the chancellor in the first instance, with a view to throw all obstructions out of the road of justice, they were authorized to bring Elizabeth Moore before the court. These doctrines are fully supported by the case of Halbert &c. vs. Grant, IV. Monroe, 580.
The allegations of the bill are sufficiently certain do justify the decree in setting aside all the purchases of the defendant Elizabeth, under the judgment fraudulently confessed to her; and the description given of the purchases intended is sufficiently certain in the decree.
Decree reversed, but without costs, and the cause remanded with directions to enter it in conformity herewith.